IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| B & C CONSTRUCTION AND EQUIPMENT, LLC | § § § | PLAINTIFF |
| v. | § § § | Civil No. 1:12CV007HSO-RHW |
| DOMINIC OVELLA AND KATHY OVELLA | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

BEFORE THE COURT is a Motion to Dismiss [12] Plaintiff B & C Construction and Equipment, LLC's ["B & C"] Complaint [1], pursuant to FED. R. CIV. P. 12(b)(6), filed by Defendants Dominic Ovella and Kathy Ovella [collectively referred to as "the Ovellas"]. B & C has filed a Response [20], and the Ovellas have filed a Rebuttal [22]. Having considered the Motion, the pleadings on file, and the relevant legal authorities, the Court is of the opinion that the Ovellas' Motion to Dismiss should be granted in part and denied in part.

I. FACTS AND PROCEDURAL HISTORY

B & C and the Ovellas entered into a contract for the construction of a personal residence in early 2008. Compl. [1], p. 2. The original contract price of the home was $559,000.00. According to the Complaint, once construction began, B & C completed verbal requests from the Ovellas for upgrades to the existing plans of the home. Although no written price changes or estimates were given, the Ovellas instructed B & C to "just do it." *Id*. B & C estimates that the upgrades increased

construction costs by approximately $36,000.00. When construction was nearly completed, the Ovellas began to complain about certain perceived problems with the home. *Id.*, p. 3. B & C states that it constructed the home according to the Ovellas' specified plans, and that the contract included a clause holding the Ovellas responsible for any defects resulting from the design or engineering of the house. *Id.*

The completed residence was inspected and approved by a building inspector for Harrison County, Mississippi, and by the Ovellas' mortgagor, Chase Mortgage Company. *Id.*, p. 4. Although the home passed inspection, in order to satisfy the Ovellas' complaints, B & C installed extra bracing under the house to solve alleged problems of "racking." Subsequent to the completion of construction, B & C also communicated to the Ovellas a willingness to address any other additional concerns. According to the Complaint, to date, the Ovellas have not paid B & C $27,000.00, the outstanding amount of the original contract. *Id.* B & C alleges that the Ovellas manifested an intent to pay the remaining amount once they received the certificate of occupancy. However, even though the Ovellas have received the certificate, they have yet to pay B & C the outstanding amount. B & C further asserts that the Ovellas have refused to pay any of the additional $36,000.00 in costs for the requested upgrades to their home. *Id.*, p. 5.

On January 12, 2012, B & C filed a Complaint [1] in this Court asserting the following claims against both Dominic and Kathy Ovella: 1) unjust enrichment; 2) breach of contract; 3) breach of the duty of good faith and fair dealing; and 4)

tortious breach of contract.  On January 13, 2012, B & C filed a Motion [3] to consolidate this case with another pending action instituted by the Ovellas against B & C, *Dominic Ovella v. B & C Construction and Equipment, LLC*, No. 1:10-CV-00285 (S.D. Miss. January 13, 2012).  Mot. to Consolidate Cases [3]; Defs.' Mem. Supp. Mot. to Dismiss [15], p. 2.  Chief United States District Judge Louis Guirola presided over that case.  B & C's claims in this case are identical to those it raised in its counterclaims asserted before Judge Guirola in *Dominic Ovella v. B & C Construction and Equipment, LLC*, No. 1:10-CV-00285, with the caveat that B & C has since received its Mississippi Residential Builder's license.  Pl.'s Mem. in Supp. of its Resp. to Defs.' Mot. To Dismiss [21], p. 2.

In *Dominic Ovella v. B & C Construction and Equipment, LLC*, Judge Guirola ultimately dismissed B & C's counterclaim against the Ovellas for unjust enrichment with prejudice.  Order Dismissing Individual Defendant at 1-2, [396], *Dominic Ovella v. B & C Construction and Equipment, LLC*, No. 1:10-CV-285 (S.D. Miss. February 13, 2012).  In a separate order, Judge Guirola also dismissed the following counterclaims asserted by B & C without prejudice:  1) breach of contract; 2) breach of the duty of good faith and fair dealing; and 3) tortious breach of contract.  Order Dismissing Countercl. at 1, [397], *Dominic Ovella v. B & C Construction and Equipment, LLC*, No. 1:10-CV-285 (S.D. Miss. February 15, 2012).

The Ovellas have filed the instant Motion to Dismiss the Complaint in this case, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Among other things, they invoke the doctrine of *res judicata* and plead the expiration of the applicable

statutes of limitations as grounds for dismissal.

## I. DISCUSSION

A.    Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent

> with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" for his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)).

B.   <u>The Bar of *Res Judicata*</u>

The Ovellas move to dismiss B & C's claims for unjust enrichment, breach of contract, breach of the duty of good faith and fair dealing, and tortious breach of contract, on the grounds of *res judicata*. Defs.' Mem. in Support of Mot. to Dismiss [15], pp. 9-12. *Res judicata* functions as a bar to any future attempt to litigate a claim that has already been decided. When examining *res judicata* in the context of prior federal court proceedings, a court applies federal law. *Martinez v. Matthews Marine, Inc.,* 2008 WL 4793802, *1 (S.D. Miss. 2008) (quoting *Jackson v. FIE Corp.,* F.3d 515, 529 n. 58 (5th Cir. 2002)). In order for *res judicata* to bar a claim, four elements must

be present: "(1) the parties must have identical actions; (2) the prior judgment must have been rendered by a competent court of jurisdiction; (3) there must be a final judgment on the merits; (4) the same claim or cause of action must be involved in both cases." *Id.* (citing *Peoples State Bank v. GE Capital Corp.,* 482 F.3d 319, 330 (5th Cir. 2007)).

Both the Ovellas and B & C acknowledge that the claims here are identical to the counterclaims asserted in *Dominic Ovella v. B & C Construction and Equipment, LLC.* Defs.' Mem. in Supp. of Mot. to Dismiss [15], p. 11; Pl.'s Resp. to Defs.' Mot. to Dismiss [20], p. 2. Since B & C's claims are identical to those resolved by Judge Guirola, they satisfy all of the requirements of *res judicata*, with one exception. Judge Guirola dismissed the unjust enrichment claims against Dominic and Kathy Ovella with prejudice. Order Dismissing Individual Defendant at 1-2, [396], *Dominic Ovella v. B & C Construction and Equipment, LLC*, No. 1:10-CV-285, (S.D. Miss. February 15, 2012). This claim is clearly barred by *res judicata*. However, Judge Guirola dismissed B & C's claims against the Ovellas for breach of contract, breach of the duty of good faith and fair dealing, and tortious breach of contract without prejudice. This was not a final judgment on the merits of these claims. Order Dismissing Countercl. at 1, [397], *Dominic Ovella v. B & C Construction and Equipment, LLC*, No. 1:10-CV-285 (S.D. Miss. February 15, 2012).

The Court concludes that *res judicata* precludes B & C from pursuing its unjust enrichment claims against the Ovellas in this case. Because the remaining claims against the Ovellas for breach of contract, breach of the duty of good faith and fair

dealing, and tortious breach of contract were dismissed without prejudice, they are not barred by the doctrine of *res judicata*.

C.  Accrual of the Statute of Limitations

In the alternative, the Ovellas move to dismiss B & C's claims on the grounds that each is barred by its respective statute of limitations.

   1.  Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing

The parties do not contest that under MISS. CODE ANN. § 15-1-49, the applicable statute of limitations for claims alleging breach of contract or breach of the duty of good faith and fair dealing is three years. Their dispute centers on when the breach purportedly occurred. B & C's Response Memorandum [21] argues that the first signs of discord appeared in October 2009, and the claim was first filed in February 2012. Conversely, the Ovellas argue that the breach occurred on October 13, 2008, when they first informed B & C of problems with the home. Defs.' Mem. Supp. Mot. to Dismiss [15], p. 14. Taking the factual allegations of the Complaint as true, as the Court must at this juncture, the breach would have occurred in October 2009, and therefore, the statute of limitations has not run on either of these two claims. B & C's factual allegations with respect to these two claims are sufficient to withstand the Ovellas' Motion to Dismiss [12]. Their Motion should be denied in this respect.

   2.  Tortious Breach of Contract Claim

The Ovellas contend that the applicable statute of limitations for this claim is one year. Defs.' Mem. Supp. Mot. to Dismiss [15], p. 13. They cite MISS. CODE ANN. §

15-1-35 in support of this position. B & C argues that this claim falls within the three year statute of limitations, outside the scope of MISS. CODE ANN. § 15-1-35. Mem. in Supp. of Pl.'s Res. to Defs.' Mot to Dismiss [21], p. 4. In determining whether a tortious breach of contract claim falls within the list of torts enumerated in MISS. CODE ANN. § 15-1-35, and therefore within the one year statute of limitations, the relevant inquiry is whether the alleged conduct was so closely analogous to one of the torts enumerated in the statute that it falls within the one year bar. *Jones v. Fluor Daniel Services Corp.,* 32 So. 3d 417, 423 (Miss. 2010). The Court concludes that B & C has alleged sufficient facts to distinguish the claim of tortious breach of contract from the type conduct described as falling within the one year statute of limitations under MISS. CODE ANN. § 15-1-35. The Ovellas' Motion to dismiss the tortious breach of contract claim on the basis of the statute of limitations should be denied.

D.      Motion to Dismiss on the Basis of Mississippi Law

Lastly, the Ovellas move to dismiss on the grounds that B & C's remaining claims are barred by MISS. CODE ANN. § 73-59-9(3). This statute states that "[a] residential builder or remodeler who does not have the license provided by this chapter may not bring any action, either at law or in equity, to enforce any contract for residential building or remodeling or to enforce a sale." MISS. CODE ANN. § 73-59-9(3) (2011). The Ovellas cite *Libbey v. Ridges*, 2004 WL 1835997 (5th Cir. 2004), in support of their argument. Defs.' Mem. Supp. Mot. to Dismiss [15], pp. 6-7. In *Libbey*, the Fifth Circuit found that a contractor who received a state license after performance of the disputed work was barred from bringing suit by section 73-59-9(3). *Libbey*, 2004

WL 1835997 at *5. Because the Mississippi Supreme Court had not addressed the question at that time, the Fifth Circuit analogized section 73-59-9(3) to MISS. CODE ANN. § 79-4-15, a foreign corporations statute which was similarly worded, and interpreted the statute to require a license at the time the cause of action accrued. Since *Libbey,* however, the Mississippi Supreme Court has applied MISS. CODE ANN. § 73-59-9(3). In *Lutz Homes, Inc. v. Watson,* 19 So. 3d 60 (Miss. 2009), the Court limited the scope of section 73-59-9(3), and interpreted the statute to require the builder to be licensed only prior to bringing a cause of action, rather than at the time of performance of the contract or accrual of the cause of action, *Lutz*, 19 So. 3d at 63-64.

Although B & C received its Mississippi Residential Builder's license before instituting the present litigation, one distinction between *Lutz* and this case is that B & C previously brought these causes of action against the Ovellas, as counterclaims asserted in *Dominic Ovella v. B & C Construction,* No. 1:10-CV-285 (S.D. Miss. February 15, 2012). At that time, B & C lacked a license. The Ovellas argue that because B & C previously advanced its claims without a license, this case is distinguishable from *Lutz*, and its claims in this case should be dismissed. However, its claims were for the most part dismissed without prejudice in the earlier case.

In the absence of any clear precedent which addresses the impact of *Lutz* under the particular facts presented here, the Court concludes that dismissal would be inappropriate. Whatever the circumstances may have been at the time B & C brought its counterclaims in the earlier litigation between the parties, all but one of those claims were dismissed without prejudice, and it is apparently beyond dispute that

B & C possessed the requisite license at the time it filed the present suit. Consequently, the Ovellas' Motion to Dismiss [12] B & C's remaining claims under Mississippi law should be denied.

### III. CONCLUSION

The Court, after review of the record and the relevant legal authorities, concludes that the Ovellas' Motion to Dismiss [12], filed pursuant to FED. R. CIV. P. 12(b)(6), should be granted in part and denied in part, as set forth above. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion [12] of Defendants Dominic and Kathy Ovella to Dismiss Plaintiff B & C Construction's Complaint, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED IN PART**, and B & C's claim for unjust enrichment is **DISMISSED WITH PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Ovellas' Motion [12] to Dismiss B & C's Complaint is **DENIED IN PART** as to B & C's remaining claims for breach of contract, breach of the duty of good faith and fair dealing, and tortious breach of contract.

**SO ORDERED AND ADJUDGED**, this the 19th day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE